CENTRAL TRUST Co. and another *v.* TEXAS & ST. L. RY. Co. and others.[1]

*(Circuit Court, E. D. Missouri. June 24, 1885.)*

1. RAILROAD MORTGAGES — FORECLOSURE SUIT — DELAY IN ANSWERING — EXPENSES OF RECEIVERSHIP.

    Where a foreclosure suit was instituted against a railroad company and a receiver was appointed, and intervening demands were adjudicated and receiver's certificates issued for the preservation of the property, which was run at a loss,—all with the defendant's consent,—and about 16 months after the appointment of a receiver, and when the case was about to be closed, the defendant, without producing any affidavits excusing the delay or explaining its original consent, and without offering to provide for the interest due and expenses incurred, and which might thereafter be incurred by the receiver, requested leave to file an answer which set up irrelevant issues: *held,* that the application must be denied.

2. SAME — JURISDICTION — GOOD FAITH — RECEIVERSHIPS.

    *Semble,* that courts have the right, where their interposition is invoked, to hold that the proceedings are instituted in good faith; and that, where a court takes possession of property in foreclosure proceedings, it should not hold possession and administer it through its receivers for other than the original purpose disclosed in the suit.

In Equity. Application of defendant corporation for leave to file answer to original bill.

*Butler, Stillman & Hubbard* and *Eleneious Smith,* for complainant.

*Dyer, Lee & Ellis,* for defendants.

TREAT, J. The original bill in this case was filed January 12, 1884, on which day an interlocutory decree was entered by Judge McCRARY, reciting the assent of the defendant corporation thereto, and appointing a receiver with the authority therein named. Under that decree and appointment the court has hitherto proceeded, adjudicating intervening demands and authorizing the issue of the receiver's certificates for the preservation of the property in the interest of all concerned. After repeated intimations from this court that the fore-

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

closure proceedings must be brought to final decree, and, if need be, the property sold and all interests connected therewith finally adjusted, the defendant corporation asked leave (out of time) to file an answer. The decision of the court with respect to said application was made on the first day of this month.[1] The terms prescribed in said decision have not been complied with. No excuse is given why said defendant corporation, after assenting to said interlocutory order, and appearing herein as early as January 12, 1884, now seeks to disturb all that has been done both under its express and implied assent. Nor does it, despite the original default of interest and subsequent default, and the expenses incurred by the issue of receiver's certificates and otherwise, for the preservation of the property, state that it is ready and willing to provide therefor. It is obvious from the records of the court that no such proffer could be made, and consequently that the present application can only produce useless delay, to the great injury of all concerned, inasmuch as the administration of the road by the receiver has not heretofore met, and is not likely hereafter to meet, past and accruing obligations. If the receivership is to be continued under accruing defaults, some party litigant should become responsible therefor. The United States circuit court in Texas has already ordered the sale of so much of this road on August 4th, next, as is within its jurisdiction. It is apparent that it is necessary for the interest of all parties that the sale of so much of said road as is within the jurisdiction of this court should be made at the same time.

There is imperfectly disclosed in the various papers presented, and suggestions made, that there had been disappointments and differences of views among those who hoped to rescue the road, and possibly prevent a foreclosure sale. With such outside negotiations and controversies this court has nothing to do. Its jurisdiction has been invoked with the consent of all concerned, and exercised for more than 16 months, in the course of which the property has been preserved and obligations incurred under its express authority. It is now too late for the court to reverse all its actions and prolong this controversy without security offered, to the advantage of no one. Courts, when their interposition is invoked, have the right to hold that the proceedings are instituted in good faith. When acting accordingly, and appointing receivers, they ought to insist on as early adjudication as the due course of practice exacts, and not to hold possession and administration of the property through receiverships for other than the original purposes disclosed in the suit. It is no part of their functions to run railroads or business enterprises for other than the short period pending the filing of the bill and the final decree. All such cases should be speeded to as early a conclusion as practicable and at the least possible expense.

The case before the court furnishes an apt illustration. If the ap-

[1] See 23 FED. REP. 846.

plication of the defendant corporation, under the circumstances stated, is to be granted, a court may be betrayed into administering railroads and issuing obligations for an indefinite period of time regardless of the bad faith of the parties to the suit. The terms heretofore prescribed with respect to submitting an application by this defendant corporation have not been complied with, inasmuch as irrelevant issues are again brought forward, and no affidavits excusing the delay or explaining its original consent are produced. It must be further considered that the pretense of non-forfeiture has no foundation in fact. Therefore, under the affidavits submitted, the application is unwarranted as to the merits.

Application denied.